IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-305 T

(Judge Lawrence M. Baskir)

RICHARD J. CAROTA,

Plaintiff

v.

THE UNITED STATES,

Defendant.

# JOINT STATUS REPORT

Pursuant to the Court's Order dated August 16, 2006 [Doc. #35], the parties provide the following status report to update the Court on the progress of Robert J. Isler and Susan L. Isler v. United States, Fed. Cl. No. 01-344 T; Jeffrey T. Scuteri v. United States, Fed. Cl. No. 01-358 T; Ronald C. and Mary G. Prati v. United States, Fed. Cl. No. 02-60 T; John F. and Pamela F. Hinck v. United States, Fed. Cl. No. 03-865 T; Kenneth C. Keener v. United States, Fed. Cl. No. 03-2028 T; William P. Smith, Jr. and Anne D. Smith v. United States, Fed. Cl. No. 04-907 T; and Donald L. and Bettye G. Dismore v. United States, Fed. Cl. No. 04-1787 T.

1. On October 8, 2004, the Court heard oral argument in Isler, Scuteri, and Prati. The United States filed an additional motion for partial dismissal in Isler on December 12, 2005, in Scuteri on February 3, 2006, and in Prati on June 2, 2006. Plaintiffs filed their responses in Isler and Scuteri on July 17, 2006, and their response in Prati on July 18, 2006. The United States filed its replies on August 28, 2006. On September 29, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal in all three cases. Plaintiffs filed their responses on November 13, 2006, and the United States filed its replies on November 30, 2006. The Court held oral argument on all pending motions on May 1, 2007.

2. Pursuant to an opinion issued February 3, 2005, this Court dismissed the complaint in Hinck. On May 4, 2006, the Federal Circuit affirmed. *See* Hinck v. United States, 446 F.3d 1307 (Fed. Cir. 2006). The Federal Circuit held that 26 U.S.C. § 6404(h) grants exclusive subject matter jurisdiction to the Tax Court to review the IRS's denials of interest abatement, and therefore the Court of Federal Claims lacks subject matter jurisdiction to do the same. *See* id.

Under the Federal Circuit's decision in Hinck, the Court lacks subject

matter jurisdiction over the claims for interest abatement in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T. Plaintiffs' counsel, however, petitioned for Supreme Court review of the Hinck decision, and, on January 12, 2007, the Supreme Court granted certiorari to review the Federal Circuit's decision in Hinck. The Supreme Court heard oral argument in Hinck on April 23, 2007. Accordingly, the parties propose the Court wait until final appellate action, before dismissing the interest abatement claims in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T.

3. Keener and Smith were consolidated on August 11, 2005, for briefing of dispositive motions, and the United States filed a motion for partial dismissal in Keener and Smith on November 4, 2005. On February 21/22, 2006, plaintiffs filed their response and a partial motion for summary judgment. On May 5, 2006, defendant filed a response to plaintiffs' summary judgment motion, and, on May 10, 2006, a reply to plaintiffs' response. On August 14, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal, plaintiffs filed their response on September 23, 2006, and defendant filed its reply on October 17, 2006. On November 16, 2006, the Court held oral argument on

defendant's motion to dismiss.

On April 18, 2007, Judge Allegra issued an opinion in Keener and Smith, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayers' period of limitations and tax motivated interest claims. Under the decision, the Court lacks subject matter jurisdiction over the period of limitations and tax motivated interest claims in Glass v. U.S., 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T.

Plaintiffs' attorneys intend to move for reconsideration before this Court and appeal the decision to the Federal Circuit. Accordingly, the parties propose the Court wait until final appellate action, before dismissing the period of limitation and tax motivated interest claims in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T.

4. In Dismore, the United States filed a motion to dismiss one of plaintiffs' two claims on January 6, 2006. Plaintiffs filed their response on March 7, 2006, and the United States filed its reply on March 28, 2006. The Court held oral argument on the motion on June 9, 2006. The parties submitted post-oral argument supplemental briefs on July 14, 2006. Plaintiffs filed a motion to amend their complaint on July 14, 2006, which the Court granted, thereby mooting the briefing and argument.

On December 1, 2006, discovery on plaintiffs' remaining claim was stayed and a summary judgment briefing scheduled entered. Defendant filed its motion for summary judgment on March 30, 2007.

5. On August 24, 2006, the Court issued a scheduling order in Charles L. Ivey and Doris W. Ivey v. United States, Fed. Cl. No. 05-223T, directing that the stay entered in that AMCOR case shall automatically terminate on May 22, 2007, and that the parties shall file a Joint Status Report on or before May 23, 2007, proposing a schedule for future proceedings in Ivey.

6. Plaintiffs' attorney has authorized defendant's attorney to sign this motion on his behalf.

Respectfully submitted,

5/3/2007 s/Thomas E. Redding by s/Bart D. Jeffress
Date THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

5/3/2007 s/Bart D. Jeffress
Date BART D. JEFFRESS
Attorney of Record

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

5/3/2007 s/Steven I. Frahm
Date Of Counsel
Attorneys for Defendant