IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-305 T

(Judge Lawrence M. Baskir)

---

RICHARD J. CAROTA,

Plaintiff

v.

THE UNITED STATES,

Defendant.

---

JOINT STATUS REPORT

---

Pursuant to the Court's Order dated August 16, 2006 [Doc. #35], the parties provide the following status report to update the Court on the progress of Robert J. Isler and Susan L. Isler v. United States, Fed. Cl. No. 01-344 T; Jeffrey T. Scuteri v. United States, Fed. Cl. No. 01-358 T; Ronald C. and Mary G. Prati v. United States, Fed. Cl. No. 02-60 T; John F. and Pamela F. Hinck v. United States, Fed. Cl. No. 03-865 T; Kenneth C. Keener v. United States, Fed. Cl. No. 03-2028 T; William P. Smith, Jr. and Anne D. Smith v. United States, Fed. Cl. No. 04-907 T; and Donald L. and Bettye G. Dismore v. United States, Fed. Cl. No. 04-1787 T.

1. On October 8, 2004, the Court heard oral argument in Isler, Scuteri, and Prati. The United States filed an additional motion for partial dismissal in Isler on December 12, 2005, in Scuteri on February 3, 2006, and in Prati on June 2, 2006. Plaintiffs filed their responses in Isler and Scuteri on July 17, 2006, and their response in Prati on July 18, 2006. The United States filed its replies on August 28, 2006. On September 29, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal in all three cases. Plaintiffs filed their responses on November 13, 2006, and the United States filed its replies on November 30, 2006. The Court held oral argument on all pending motions on May 1, 2007. Plaintiffs filed their post oral argument supplemental brief on July 5, 2007. Defendant filed its response on October 4, 2007.

2. Pursuant to an opinion issued February 3, 2005, this Court dismissed the complaint in Hinck. On May 4, 2006, the Federal Circuit affirmed. *See* Hinck v. United States, 446 F.3d 1307 (Fed. Cir. 2006). The Federal Circuit held that 26 U.S.C. § 6404(h) grants exclusive subject matter jurisdiction in the Tax Court to review the IRS's denials of interest abatement, and therefore the Court of Federal Claims lacks subject matter jurisdiction to do the same. *See* id.

On May 21, 2007, the Supreme Court affirmed. *See Hinck v. United States*, 127 S.Ct. 2011 (2007). Under the Supreme Court's and Federal Circuit's decision in Hinck, the Court lacks subject matter jurisdiction over the claims for interest abatement in Glass v. U.S., 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T. Accordingly, the Court should dismiss those claims.

3. On April 18, 2007, Judge Allegra issued an opinion in Keener and Smith, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayers' period of limitations and tax motivated interest claims. Under the decision, the Court lacks subject matter jurisdiction over the period of limitations and tax motivated interest claims in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T. (On August 8, 2007, the parties filed a joint stipulation of dismissal of the interest abatement claims in *Keener* and *Smith*, as a result of the Supreme Court's decision in *Hinck*.)

Judgment entered in *Keener* and *Smith* on August 17, 2007, and plaintiffs' attorneys filed a notice of appeal on October 15, 2007. Accordingly, the parties propose the Court wait until final appellate action, before dismissing the period of limitation and tax motivated interest claims

in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T.

4. As the parties earlier reported via JSR [Doc. #43], on September 18, 2007, the Court, pursuant to RCFC 41(b), dismissed *Dismore* for lack of prosecution. Because *Dismore* was dismissed for lack of prosecution, no decision issued that impacts four of the AMCOR cases that are consolidated with this case (for status report purposes) and that have claims like the ones raised in *Dismore*: *Carota*, Fed. Cl. No. 01-305T, *Ganter*, Fed. Cl. No. 02-248T, *Henderson*, Fed. Cl. No. 04-1765T, and *Johnson*, Fed. Cl. No. 05-221T.

There are now, however, three other AMCOR cases already moving forward in which plaintiffs have raised claims like the ones plaintiffs have raised in *Carota*, *Ganter*, *Henderson*, and *Johnson*. The three cases are *Schell*, Fed. Cl. No. 04-1743T, *Jewell*, Fed. Cl. No. 06-228T, and *LeBlanc*, Fed. Cl. No. 05-743T. (The parties reported on a fourth case, *Perkins*, Fed. Cl. No. 06-51T, in their earlier JSR [Doc. #43]. That case was voluntarily dismissed on October 30, 2007. *See Perkins*, Fed. Cl. No. 06-51T, Doc. #16.).

Accordingly, the parties request the Court continue to stay *Carota*,

*Ganter*, *Henderson*, and *Johnson*, until one or more of *Schell*, *Jewell*, and *LeBlanc* is resolved, and correspondingly propose that the latter three cases be reported on in the parties' periodic joint status reports.

5. The parties previously also reported on the AMCOR case *Charles L. Ivey and Doris W. Ivey v. United States*, Fed. Cl. No. 05-223T. That case was voluntarily dismissed on September 14, 2007. *See Ivey*, Fed. Cl. No. 05-223T, at Doc. #27.

6. Plaintiffs' attorney has authorized defendant's attorney to sign this motion on his behalf.

Respectfully submitted,

11/01/2007 s/Thomas E. Redding by s/Bart D. Jeffress
Date THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

11/01/2007 s/Bart D. Jeffress
Date BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

11/01/2007 s/Steven I. Frahm
Date Of Counsel
Attorneys for Defendant