IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-305 T

(Judge Lawrence M. Baskir)

---

RICHARD J. CAROTA,

Plaintiff

v.

THE UNITED STATES,

Defendant.

---

JOINT STATUS REPORT

---

Pursuant to the Court's Order dated August 16, 2006 [Doc. #35], the parties provide the following status report to update the Court on the progress of Robert J. Isler and Susan L. Isler v. United States, Fed. Cl. No. 01-344 T; Jeffrey T. Scuteri v. United States, Fed. Cl. No. 01-358 T; Ronald C. and Mary G. Prati v. United States, Fed. Cl. No. 02-60 T; John F. and Pamela F. Hinck v. United States, Fed. Cl. No. 03-865 T; Kenneth C. Keener v. United States, Fed. Cl. No. 03-2028 T; William P. Smith, Jr. and Anne D. Smith v. United States, Fed. Cl. No. 04-907 T; and Donald L. and Bettye G. Dismore v. United States, Fed. Cl. No. 04-1787 T.

1. On April 18, 2007, Judge Allegra issued an opinion in Keener and Smith, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayers' period of limitations and tax motivated interest claims. Under the decision, the Court lacks subject matter jurisdiction over the period of limitations and tax motivated interest claims in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T. (On August 8, 2007, the parties filed a joint stipulation of dismissal of the interest abatement claims in *Keener* and *Smith*, as a result of the Supreme Court's decision in *Hinck v. United States*, 127 S.Ct. 2011 (2007).)

Judgment entered in *Keener* and *Smith* on August 17, 2007. Plaintiffs' attorneys, however, filed a notice of appeal on October 15, 2007, and filed their appellate brief on February 12, 2008. The Government's appellee brief is currently due in May 2008. Accordingly, the parties propose the Court wait until final appellate action, before dismissing the period of limitation and tax motivated interest claims in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T.

2. On October 8, 2004, the Court heard oral argument in Isler, Scuteri, and Prati. The United States filed an additional motion for partial dismissal in Isler on December 12, 2005, in Scuteri on February 3, 2006,

and in Prati on June 2, 2006. Plaintiffs filed their responses in Isler and Scuteri on July 17, 2006, and their response in Prati on July 18, 2006. The United States filed its replies on August 28, 2006. On September 29, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal in all three cases. Plaintiffs filed their responses on November 13, 2006, and the United States filed its replies on November 30, 2006. The Court held oral argument on all pending motions on May 1, 2007. Plaintiffs filed their post oral argument supplemental brief on July 5, 2007. Defendant filed its response on October 4, 2007.

On April 16, 2008, Judge Block issued an opinion and order in *Prati*, granting defendant's motions to dismiss for lack of jurisdiction taxpayers' claims regarding period of limitations, tax motivated interest, and abatement of interest, and ordering all claims in *Prati* be dismissed and 76 other related AMCOR cases be dismissed. Under the *Prati* decision, as under the *Keener* decision, the Court lacks subject matter jurisdiction over the period of limitations and §6621(c) tax motivated interest claims in Glass v. U.S., Fed. Cl. No. 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T.

Plaintiffs' attorneys, however, intend either to appeal the *Prati* decision and the 76 related cases dismissed with *Prati*, and/or to pursue a

course of action that would permit *Prati* and/or the 76 related cases to be held in abeyance pending the outcome of the *Keener* appeal.

**PLAINTIFFS' ADDITIONAL STATEMENT RE *KEENER* AND *PRATI*:**[1]

There is a split on the §6621(c) penalty interest jurisdictional issue in the Court of Federal Claims that will more than likely be decided by the outcome of the appeal in *Keener*. In a different set of partnership cases, the Elektra cases, Judge Lettow held that this court does have jurisdiction over §6621(c) penalty interest claims based on the same arguments raised by the government in *Keener* and *Prati*. *McGann v. U.S.*, 76 Fed.Cl. 745 (2007). On April 25, 2008, Judge Lettow held for plaintiffs on the merits of the §6621(c) claim.

Moreover, there is a split on the §6621(c) penalty interest jurisdictional issues between this Court and the district courts of the Fifth Circuit. Two independent district courts have rejected the government's jurisdictional arguments in another AMCOR case and another Elektra case. *Mellina v. United States,* 518 F.Supp.2d 825, 829 (N.D.Tex.2007)(AMCOR) and *Bartimmo v. U.S.*, 525 F.Supp.2d 879 (S.D.Tex.,2007)(Elektra). The

[1] Defendant does not agree with plaintiffs' additional statement and also considers it to be unnecessary and inappropriate argument for a joint status report.

government appealed those decisions but later voluntarily dismissed those appeals. *Mellina v. United States*, Docket No. 07-11302 in the Fifth Circuit and *Bartimmo v. United States*, Docket No. 08-20060 in the Fifth Circuit. The government later conceded the same §6621(c) penalty interest jurisdictional issues in another case pending in the Southern District of Texas. *Kapusta v. United States*, Docket No. 03-3929.

Plaintiffs' attorneys here represent the taxpayers in the other cases referenced in this report and have appealed the *Keener* decision, including the issue of this Court's subject matter jurisdiction over §6621(c) tax motivated interest claims to the Federal Circuit, where plaintiffs' attorneys believe any conflict with *McGann* as to jurisdiction will be resolved.

**RESUMPTION OF JOINT STATUS REPORT:**

3. Pursuant to an opinion issued February 3, 2005, this Court dismissed the complaint in Hinck. On May 4, 2006, the Federal Circuit affirmed. *See* Hinck v. United States, 446 F.3d 1307 (Fed. Cir. 2006). The Federal Circuit held that 26 U.S.C. § 6404(h) grants exclusive subject matter jurisdiction in the Tax Court to review the IRS's denials of interest abatement, and therefore the Court of Federal Claims lacks subject matter jurisdiction to do the same. *See* id.

On May 21, 2007, the Supreme Court affirmed. *See Hinck v. United States*, 127 S.Ct. 2011 (2007). Under the Supreme Court's and Federal Circuit's decision in Hinck, the Court lacks subject matter jurisdiction over the claims for interest abatement in Glass v. U.S., 01-575 T and Lumpkin v. U.S., Fed. Cl. No. 06-94 T. Accordingly, the Court should dismiss those claims.

4. As the parties earlier reported via JSR [Doc. #43], on September 18, 2007, the Court, pursuant to RCFC 41(b), dismissed *Dismore* for lack of prosecution. Because *Dismore* was dismissed for lack of prosecution, no decision issued that impacts four of the AMCOR cases that are consolidated with this case (for status report purposes) and that have claims like the ones raised in *Dismore*: *Carota*, Fed. Cl. No. 01-305T, *Ganter*, Fed. Cl. No. 02-248T, *Henderson*, Fed. Cl. No. 04-1765T, and *Johnson*, Fed. Cl. No. 05-221T.

There are now, however, two other AMCOR cases moving forward in which plaintiffs have raised claims like the ones plaintiffs have raised in *Carota*, *Ganter*, *Henderson*, and *Johnson*. The two cases are *Schell*, Fed. Cl. No. 04-1743T, and *LeBlanc*, Fed. Cl. No. 05-743T. In *Schell*, defendant moved to dismiss plaintiffs' complaint on December 20, 2007, and plaintiffs

responded on April 2, 2008.

In *LeBlanc*, defendant moved to dismiss plaintiffs' complaint on December 7, 2007, plaintiffs responded on January 7, 2008, and defendant filed its reply on February 15, 2008.

Accordingly, the parties request the Court continue to stay *Carota*, *Ganter*, *Henderson*, and *Johnson*, until *Schell* and *LeBlanc* are resolved, and correspondingly propose that those two cases be reported on in the parties' periodic joint status reports.[2]

5. Plaintiffs' attorney has authorized defendant's attorney to sign this motion on his behalf.

---

[2] In earlier joint status reports, the parties reported on three other AMCOR cases (*Jewell*, *Perkins*, and *Ivey*) with claims like the claims plaintiffs have raised in *Carota*, *Ganter*, *Henderson*, and *Johnson*. The three cases were resolved without decisions and do not impact *Carota*, *Ganter*, *Henderson*, and *Johnson*. *See Jewell*, Fed. Cl. No. 06-228T, Doc. #12 and Docket Entry 12/26/2007 (dismissed with prejudice pursuant to stipulation); *Perkins*, Fed. Cl. No. 06-51T, Doc. #16 (voluntarily dismissed); *Ivey*, Fed. Cl. No. 05-223T, Doc. #27 (voluntarily dismissed).

Respectfully submitted,

4/29/2008 s/Thomas E. Redding by s/Bart D. Jeffress
Date THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

4/29/2008 s/Bart D. Jeffress
Date BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

4/29/2008 s/Steven I. Frahm
Date Of Counsel
Attorneys for Defendant