IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-305 T

(Judge Lawrence M. Baskir)

---

RICHARD J. CAROTA,

Plaintiff

v.

THE UNITED STATES,

Defendant.

---

JOINT STATUS REPORT

---

Pursuant to the Court's Order dated August 16, 2006 [Doc. #35], the parties provide the following joint status report.

Pending before the Court are six AMCOR cases, which divide into two groups. Group I has two cases: (1) *Glass*, Fed. Cl. No. 01-575 T; and (2) *Lumpkin*, Fed. Cl. No. 06-94 T. Group II has four cases: (1) *Carota*, Fed. Cl. No. 01-305 T; (2) *Ganter*, Fed. Cl. No. 02-248 T; (3) *Henderson*, Fed. Cl. No. 04-1765 T; and (4) *Johnson*, 05-221 T.

## I. Group I Report

The Court's Group I cases, *Glass* and *Lumpkin*, present three types

of claims: (1) period of limitations; (2) tax motivated interest; and (3) interest abatement.

Regarding Group I (*Glass* and *Lumpkin*), the parties report on the progress in the following five cases: (1) *Keener*, Fed. Cl. No. 03-2028 T; (2) *Smith*, Fed. Cl. No. 04-907 T; (3) *Isler*, Fed. Cl. No. 01-344 T; (4) *Scuteri*, Fed. Cl. No. 01-358 T; (5) *Prati*, Fed. Cl. No. 02-60 T; and (6) *Hinck*, Fed. Cl. No. 03-865 T.

**A. Progress Report**

(1) *Keener*, Fed. Cl. No. 03-2028 T and (2) *Smith*, Fed. Cl. No. 04-907 T: *Keener* and *Smith* present claims like the claims raised in the two Group I cases.

*Keener* and *Smith* were consolidated on August 11, 2005, for briefing of dispositive motions. On April 18, 2007, Judge Allegra issued an opinion in *Keener* and *Smith*, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayers' period of limitations and tax motivated interest claims.

Judgment entered in *Keener* and *Smith* on August 17, 2007. Under the decision, the Court lacks subject matter jurisdiction over the period of limitation and tax motivated interest claims in the two Group I cases (*Glass*

and *Lumpkin*). Plaintiffs' attorneys, however, filed a notice of appeal on October 15, 2007, and briefing of the appeal is now complete, although oral argument has not yet been scheduled.

(3) *Isler*, Fed. Cl. No. 01-344 T; (4) *Scuteri*, Fed. Cl. No. 01-358 T; and (5) *Prati*, Fed. Cl. No. 02-60 T: *Isler*, *Scuteri*, and *Prati* present claims like the three types of claims raised in the two Group I cases, and *Isler* and *Scuteri* also present claims like the claims raised in the four Group II cases. Regarding the claims like those raised in the two Group I cases:

On October 8, 2004, the Court heard oral argument in *Isler, Scuteri,* and *Prati*. The United States filed an additional motion for partial dismissal in *Isler* on December 12, 2005, in *Scuteri* on February 3, 2006, and in *Prati* on June 2, 2006. Plaintiffs filed their responses in *Isler* and *Scuteri* on July 17, 2006, and their response in *Prati* on July 18, 2006. The United States filed its replies on August 28, 2006. On September 29, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal in all three cases. Plaintiffs filed their responses on November 13, 2006, and the United States filed its replies on November 30, 2006. The Court held oral argument on all pending motions on May 1, 2007. Plaintiffs filed their post oral argument supplemental brief on July 5, 2007.

The United States filed its response on October 4, 2007.

On April 16, 2008, Judge Block issued an opinion and order in *Prati*, granting defendant's motions to dismiss for lack of jurisdiction taxpayers' claims regarding period of limitations, tax motivated interest, and abatement of interest, and ordering all claims in *Prati* be dismissed and 76 other related AMCOR cases be dismissed. (On July 1, 2008, the Court denied a motion to reconsider its opinion). Under the *Prati* decision, as under the *Keener* decision, the Court lacks subject matter jurisdiction over the period of limitation and §6621(c) tax motivated interest claims in the two Group I cases (*Glass* and *Lumpkin*).

Plaintiffs' attorneys, however, intend to appeal the *Prati* decision and approximately 59 of the related cases dismissed with *Prati*. (The parties expect that 15 to 17 of the 76 judgments entered pursuant to the *Prati* decision will be vacated to permit plaintiffs in those cases to pursue purely individual case specific claims they allege were left unresolved by the *Prati* decision. Plaintiffs make no individual case specific claims in the Court's two Group I cases).

**B. PLAINTIFFS' ADDITIONAL STATEMENT re *Keener* and *Prati*:**[1]

There is a split on the §6621(c) penalty interest jurisdictional issue in the Court of Federal Claims that will more than likely be decided by the outcome of the appeal in *Keener*. In a different set of partnership cases, the Elektra cases, Judge Lettow held that this court does have jurisdiction over §6621(c) penalty interest claims based on the same arguments raised by the government in *Keener* and *Prati*. *McGann v. U.S.*, 76 Fed.Cl. 745 (2007). On April 25, 2008, Judge Lettow reiterated his prior holding that the Court has jurisdiction to address the §6621(c) penalty interest claim and then ruled on the merits of the McGanns' claim holding that imposing the §6621(c) penalty rate of interest was improper as a matter of law and that the McGanns' overpayment must be refunded. *McGann v. U.S.*, 81 Fed.Cl. 642 (2007). The United States filed a protective appeal raising both the jurisdictional and merits issues and on July 14, 2008, the Solicitor General declined to pursue that appeal. An executed stipulation to dismiss was mailed to the Federal Court on July 22, 2008.

Moreover, there is a split on the §6621(c) penalty interest

[1] Defendant does not agree with plaintiffs' additional statement and also considers it to be unnecessary and inappropriate argument for a joint status report.

jurisdictional issues between this Court and the district courts of the Fifth Circuit. Two independent district courts have rejected the government's jurisdictional arguments in another AMCOR case and another Elektra case. *Mellina v. United States,* 518 F.Supp.2d 825, 829 (N.D.Tex.2007) (AMCOR) and *Bartimmo v. U.S.*, 525 F.Supp.2d 879 (S.D.Tex.,2007) (Elektra). The government appealed those decisions but later voluntarily dismissed those appeals. *Mellina v. United States*, Docket No. 07-11302 in the Fifth Circuit and *Bartimmo v. United States*, Docket No. 08-20060 in the Fifth Circuit. The government later conceded the same §6621(c) penalty interest jurisdictional issues in another case pending in the Southern District of Texas. *Kapusta v. United States*, Docket No. 03-3929.

Plaintiffs' attorneys here represent the taxpayers in the other cases referenced in this report and have appealed the *Keener* decision, including the issue of this Court's subject matter jurisdiction over §6621(c) tax motivated interest claims to the Federal Circuit, where plaintiffs' attorneys believe any conflict with *McGann* as to jurisdiction will be resolved.

**C. RESUMPTION OF JOINT PROGRESS REPORT**

(6) *Hinck*, Fed. Cl. No. 03-865 T**:** Pursuant to an opinion issued February 3, 2005, this Court dismissed the complaint in *Hinck*. On May 4, 2006, the Federal Circuit affirmed. *See Hinck v. U.S.*, 446 F.3d 1307 (Fed. Cir. 2006). The Federal Circuit held that 26 U.S.C. § 6404(h) grants exclusive subject matter jurisdiction in the Tax Court to review the IRS's denials of interest abatement, and therefore the Court of Federal Claims lacks subject matter jurisdiction to do the same. *See id.*

On May 21, 2007, the Supreme Court affirmed. *See Hinck v. U.S.*, 127 S.Ct. 2011 (2007). Under the Supreme Court's and Federal Circuit's decision in *Hinck*, the Court lacks subject matter jurisdiction over the claims for interest abatement in *Glass* and *Lumpkin*.

**D. SUMMARY OF GROUP I PROPOSAL:**

The parties propose the Court continue the stay in the two Group I cases (*Glass* and *Lumpkin*) and wait until final appellate action in *Keener* and *Prati*, before ruling on the period of limitation and tax motivated interest claims in the two Group I cases.

In accord with the Supreme Court's ruling in *Hinck v. U.S.*, 127 S.Ct. 2011 (2007), the Court should dismiss the interest abatement claims in

*Glass* and *Lumpkin*.

## II. Group II Report

The Court's four Group II cases, *Carota*, *Ganter*, *Henderson*, and *Johnson*, present what the parties refer to as "termination year claims." There are two types of termination year claims, "basis termination" claims and "income recapture" claims.

Regarding Group II (*Carota*, *Ganter*, *Henderson*, and *Johnson*), the parties report on the progress in the following five cases: (1) *Dismore*, Fed. Cl. No. 04-1787 T; (2) *Schell*, Fed. Cl. No. 04-1743 T; (3) *LeBlanc*, Fed. Cl. No. 05-743 T; (4) *Rossman*, Fed. Cl. No. 07-346 T; (5) *Isler*, Fed. Cl. No. 01-344 T; and (6) *Scuteri*, Fed. Cl. No. 01-358 T.

### A. Progress Report

(1) *Dismore*, Fed. Cl. No. 04-1787 T: As the parties earlier reported via JSR [Doc. #43], on September 18, 2007, the Court, pursuant to RCFC 41(b), dismissed *Dismore* for lack of prosecution. Because *Dismore* was dismissed for lack of prosecution, no decision issued that impacts the Court's Group II cases.

There are now, however, two other AMCOR cases moving forward in which plaintiffs have raised basis termination claims like the ones plaintiffs

have raised in *Carota*, *Ganter*, *Henderson*, and *Johnson*. The two cases are:

(2) *Schell*, Fed. Cl. No. 04-1743T; and (3) *LeBlanc*, Fed. Cl. No. 05-743T. In *Schell*, defendant moved to dismiss plaintiffs' complaint on December 20, 2007, plaintiffs responded on April 2, 2008, and defendant filed its reply on May 12, 2008.

In *LeBlanc*, defendant moved to dismiss plaintiffs' complaint on December 7, 2007, plaintiffs responded on January 7, 2008, and defendant filed its reply on February 15, 2008.

In addition, the parties have proposed to Judge Block that litigation commence in:

(4) *Rossman*, Fed. Cl. No. 07-346 T: *Rossman* is one out of at least 8 cases presenting basis termination claims before Judge Block in which plaintiffs do not allege a Form 870-(PAD) settlement agreement. In this respect, it differs from the fact patterns at issue in *Schell* and *LeBlanc*, discussed *supra*, which involve partners who entered Form 870-P(AD) settlements. While both parties believe their arguments with respect to basis termination claims apply whether or not a Form 870-P(AD) settlement was entered, the parties wish to proceed with one non-settlement case to

avoid any waste of time that may result, in the event it is ultimately determined that the existence of a Form 870-P(AD) settlement agreement is a critical factor in the fact patterns already being litigated in *Schell* and *LeBlanc*. In contrast to *Rossman*, all four of the Court's Group II cases, like *Schell* and *LeBlanc*, allege a Form 870-P(AD) settlement agreement.

(5) *Isler*, Fed. Cl. No. 01-344 T and (6) *Scuteri*, Fed. Cl. No. 01-358 T: As noted above, *Isler* and *Scuteri*, in addition to presenting claims like the claims raised in the two Group I cases, present claims like the ones raised in the four Group II cases. However, there has, to date, been no litigation of the claims in *Isler* and *Scuteri* that are like the claims in the four Group II cases. The litigation has focused instead on the claims similar to those raised in the two Group I cases.

On July 23, 2008, the parties proposed to Judge Block that they commence litigation of the income recapture claim presented in *Isler*.

**B. Group II Proposal**

Accordingly, the parties request the Court continue to stay *Carota*, *Ganter*, *Henderson*, and *Johnson*, until the basis termination claims in *Schell* and *LeBlanc* and the income recapture claims in *Isler* are resolved.[2]

---

[2] In earlier joint status reports, the parties reported on three other AMCOR cases (*Jewell*, *Perkins*, and *Ivey*) with claims like the claims

plaintiffs have raised in *Carota*, *Ganter*, *Henderson*, and *Johnson*. The three cases were resolved without decisions and do not impact *Carota*, *Ganter*, *Henderson*, and *Johnson*. *See Jewell*, Fed. Cl. No. 06-228T, Doc. #12 and Docket Entry 12/26/2007 (dismissed with prejudice pursuant to stipulation); *Perkins*, Fed. Cl. No. 06-51T, Doc. #16 (voluntarily dismissed); *Ivey*, Fed. Cl. No. 05-223T, Doc. #27 (voluntarily dismissed).

Defendant's attorney has authorized plaintiffs' attorney to sign this motion on his behalf.

Respectfully submitted,

7/25/2008 s/Thomas E. Redding
Date THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

7/25/2008 s/Bart D. Jeffress by s/Thomas E. Redding
Date BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26, Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

7/25/2008 s/Steven I. Frahm by s/Thomas E. Redding
Date Of Counsel

Attorneys for Defendant